# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-25-92-D |
| KURT WALTER LEE BROWN | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant Kurt Walter Lee Brown's "Unopposed Motion to Continue Pretrial Conference, Deadlines, and Trial Docket" [Doc. No. 35]. Defendant seeks a continuance of his trial from the October 2025, to the November 2025, trial docket. Defendant submitted a Waiver of Right to Speedy Trial [Doc. No. 35-1], acknowledging his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.

Upon consideration of the Motion and the case record, the Court finds that the ends of justice served by granting a month continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the Motion that denying Defendant's request would deprive him of a reasonable amount of time needed for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence

by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the Motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from October 14, 2025, to November 4, 2025, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendant's "Unopposed Motion to Continue Pretrial Conference, Deadlines, and Trial Docket" [Doc. No. 35] is **GRANTED**. This case is stricken from the October 14, 2025, trial docket and reset on the Court's November 4, 2025, trial docket. The docket call set for October 9, 2025, is stricken to be reset if necessary. All pretrial motions, including motions in limine, shall be filed by October 14, 2025. Responses to pretrial motions shall be filed by October 21, 2025. Requested jury instructions and voir dire shall be filed by October 21, 2025. Objections to requested jury instructions and voir dire shall be filed by October 28, 2025.

**IT IS SO ORDERED** this 2nd day of October, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge